IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Jermaine S. Doss, No. 1009227,

    Petitioner,

v.                                                                      CIVIL ACTION NO. 2:19cv347

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Jermaine Doss's ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 7. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(j). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2000, before the Circuit Court of the City of Norfolk ("Trial Court"), Petitioner was sentenced for his conviction as an accessory before the fact to the first-degree murder of James Webb, statutory burglary, conspiracy, and two counts of use of a firearm in the commission of a felony. ECF No. 1 at 5. The Trial Court accepted the jury's recommendation in sentencing Petitioner to life plus 38 years in prison. *Id.*

Petitioner filed a direct appeal of his criminal conviction, which was denied by the Court of Appeals of Virginia on December 8, 2000, because per Rule 5A:18 "the argument [challenging jury instructions] was not preserved in the trial court." *Id.* at 6. The remainder of Petitioner's assignments of error were denied by the Court of Appeals in an unpublished opinion on October 16, 2001, and the Supreme Court of Virginia refused Petitioner's appeal on April 12, 2002. *Id.* On April 11, 2003, Petitioner filed a timely writ of habeas corpus in the Trial Court. *Id.*, attach. 12 at 29. In his state habeas petition, Petitioner raised claims of ineffective assistance of counsel and trial court error. *Id.*, attach. 12 at 6. Specifically, Petitioner claimed that his "convictions rest upon the perjured and now recanted testimony of Nathaniel McGee" based on information contained in a letter sent to him by McGee on October 21, 2000. *Id.*, attach. 12 at 25.

On January 7, 2004, the Trial Court dismissed Petitioner's state habeas petition, holding that Petitioner's trial court error claims were not cognizable on habeas corpus. *Id.*, attach. 11 at 4-5. The Trial Court explained that it did not find McGee's recantation credible in light of an affidavit from his trial attorney "indicating McGee [was] afraid of Doss" and "that there was a wealth of evidence to corroborate McGee's testimony.'" *Id.*, attach. 11 at 4.

On February 6, 2006, Petitioner filed a petition for a writ of actual innocence based on newly discovered evidence in the Virginia Court of Appeals, pursuant to Va. Code § 19.2-327.10,

2

et. seq. ECF No. 7 at 3. This evidence consisted of a letter sent to Petitioner on October 21, 2000 by Nathaniel McGee, the prosecution's primary witness at his trial, in which McGee claimed that he had lied in his trial testimony. ECF No. 1, attach. 4. On June 30, 2006, the Virginia Court of Appeals entered an order directing the Norfolk Circuit Court to hold a hearing "to determine ... whether Doss proved by clear and convincing evidence that McGee is credible in his assertion that he testified falsely at Doss's trial." *Id.* at 9. On December 13, 2006, after an evidentiary hearing, Judge Martin of the Norfolk Circuit Court determined that "McGee was not credible in his assertion that he testified falsely at the petitioner's trial" because the recantation was motivated by other factors. *Id.*, attach. 6 at 1. Based on that finding, the Virginia Court of Appeals dismissed the petition for a writ of actual innocence on February 22, 2007. *Id.*, attach. 1 at 1.

Over the next decade Petitioner pursued several collateral attack proceedings in state court. On February 9, 2009, he filed a "Petition to Declare Void the Circuit Court Final Orders of Conviction and Sentence" in the Trial Court which was denied on June 1, 2009 due to Petitioner's failure to satisfy his burden of proof. ECF No. 1 at 9-10. On October 17, 2011, Petitioner filed a *pro se* motion in the Trial Court claiming that the court's final order was void ab initio "for want of indictment and/or constitutionally defective indictment." *Id.* at 10. This motion was denied by the Trial Court on November 1, 2011, and the appeal was denied by the Supreme Court of Virginia on April 13, 2012. *Id.* On April 9, 2014, Petitioner filed a *pro se* motion to vacate in the Trial Court, alleging that the court "employed an 'unlawful mode of procedure'" due to jury instructions provided in his original trial. *Id.* The Trial Court denied the motion on April 16, 2014, and imposed sanctions of $500 against Petitioner because the motion was "interposed for an improper purpose, that is, the harassment of the Commonwealth and wasting of the Court's time." *Id.*

On July 3, 2019, Petitioner filed the instant § 2254 petition for federal habeas relief, raising the same claims in his state habeas petition. *Id.* at 43. On November 7, 2019, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a Brief in Support of the Motion to Dismiss. ECF No. 7. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

1. <u>Statute of Limitations under the AEDPA</u>

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV_00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV.A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Respondent notes, this case is governed by the limitation period set forth in the AEDPA. ECF No. 7 at 11. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) of the AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions such as the instant Petition are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

### 2. The Petition is untimely.

In the instant matter, the Trial Court entered its judgment on May 9, 2000. ECF No. 7 at 11. The judgment became final on April 12, 2002, when the Supreme Court of Virginia refused Petitioner's direct appeal. *Id.* The time for seeking direct review in the United States Supreme Court ended on July 11, 2002, "90 days after entry of the order denying discretionary review," at which time the one-year § 2254(d)(1) statute of limitations began running. Sup. Ct. R. 13.1. On April 11, 2003, 274 days later, Petitioner filed a timely state petition for a writ of habeas corpus "within one year from ... final disposition of the direct appeal in state court" as required by Virginia law. Va. Code § 8.01-654(A)(2). Petitioner was entitled to tolling of the § 2254 statute of limitations until October 1, 2004, when the Supreme Court of Virginia refused rehearing of its dismissal of Petitioner's appeal of his state habeas claim. ECF No. 7 at 12. Therefore, the one-year period for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ended 91 days later on December 31, 2004. The instant petition was received by this Court on July 3, 2019. ECF No. 1 at 43.

### 3. Petitioner is not entitled to additional statutory tolling.

As explained in Part II.1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) have already been made available to Petitioner. Petitioner's one-year AEDPA period began no later than July 11, 2002 when direct review of Petitioner's case concluded. The one-year statute of limitations was tolled beginning on April 11, 2003, when Petitioner filed his state habeas petition. The period of statutory tolling ended no later than October 1, 2004, when the Supreme Court of Virginia refused rehearing of its dismissal of Petitioner's appeal of his state habeas claim. Petitioner's one-year AEDPA period ended on December 31, 2004. The instant petition was filed with this Court on July 3, 2019, well beyond the one-year statute of limitations provided by the AEDPA.

Having determined that additional statutory tolling is unavailable to Petitioner, the undersigned now considers the availability of equitable tolling.

4. <u>Petitioner is not entitled to equitable tolling.</u>

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, this means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence

6

generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner has not argued that he is entitled to equitable tolling, nor has he attempted to prove that he diligently pursued his claims or that an extraordinary circumstance prevented timely filing. Petitioner's underlying constitutional claims are premised on the ineffective assistance of counsel, whose conduct Petitioner knew of no later than his sentencing on May 9, 2000. Petitioner offers no explanation for his lack of diligence in pursuing these claims. He first became aware of a witness's purported recantation of testimony in a letter sent to him by that witness on October 21, 2000. ECF No. 1, attach. 4. On September 10, 2002, that witness provided a sworn statement detailing his recantation to the attorney representing Petitioner in his state habeas proceeding. *Id.*, attach. 5 at 11. Petitioner did not file a state-court petition for a writ of actual innocence until February 6, 2006, more than three years after he received notice of the witness's recantation. ECF No. 1 at 8. After his actual innocence petition was dismissed on February 22, 2007, he waited another twelve years before filing the instant petition. Petitioner does not offer any explanation for this delay.

Having determined that equitable tolling is unavailable to Petitioner, the undersigned now considers Petitioner's final refuge: a "gateway" actual innocence claim under *Schlup v. Delo*.

7

### 5. Petitioner has not satisfied the requirements for a *Schlup* actual innocence claim.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "If a petitioner ... presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner [is] allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). In order to establish the credibility of his claim, a petitioner must "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." *Id.* at 324. Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" in order to pass through the "gateway" and allow the court to reach the merits of his claim. *Id.* at 327.

The only "new" evidence presented by petitioner is the October 2000 recantation of the prosecution's witness. But it is not sufficient for petitioner to simply present evidence discovered after the conclusion of his trial; the evidence must also be "**reliable**." *Teleguz v. Zook*, 806 F.3d 803, 808 (4th Cir. 2015) (emphasis in original). In cases where a witness has recanted, "the district court is permitted under *Schlup* to 'make some credibility assessments' when ... a state court has not evaluated the reliability of a petitioner's 'newly presented evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 330 (1995)). Here, the Trial Court *did* assess the credibility of the witness's recantation during Petitioner's actual innocence proceedings in 2006. ECF No. 1, attach. 6 at 1. In a finding of fact issued on December 13, 2006, the Trial Court judge determined that the witness "was not credible in his assertion that he testified falsely at the petitioner's trial" based on a number of factors including the witness's fear of "being known in prison as a 'snitch.'" *Id.*, attach. 6 at 1,

8

3. The Virginia Court of Appeals relied on this finding in dismissing the state petition for a writ of actual innocence, and this Court sees no reason to conduct a *de novo* review of the Trial Court's finding. ECF No. 1, attach. 1 at 1. Hence, Petitioner has failed to present "new *reliable* evidence" supporting his claim of actual innocence.

Without presenting "new reliable evidence," Petitioner cannot establish that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Therefore, he has not satisfied the requirements of the *Schlup* gateway claim and the Court does not reach the merits of his ineffective assistance claim.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss and Rule 5 Answer, ECF No. 7, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV. OUTSTANDING MOTION

On November 21, 2019, Petitioner filed a Motion for an Extension of Time to File a Reply to Respondent's Motion to Dismiss. ECF No. 9. Therein, Petitioner requested an additional fourteen days to reply to Respondent's Motion to Dismiss, and noted that Respondent did not oppose the request. *Id.* For good cause shown, Petitioner's Motion for an Extension of Time to File a Reply, ECF No. 9, is **GRANTED**, and Petitioner's Reply is **DEEMED** timely filed.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied* 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 5, 2020